**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| *JONATHAN RASKAS, personally and as administrator of the ESTATE OF RALPH RASKAS,* | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Cause No. |
| v. | )<br>) |
| *TEVA PHARMACEUTICALS USA, INC., ACTAVIS ELIZABETH LLC, and JOHN DOE DEFENDANTS,* | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendant Teva Pharmaceuticals USA, Inc. (referred to herein as "Teva"), by its undersigned attorneys, hereby removes this action from the Missouri Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of this Notice, Teva states as follows:

1.  A civil action was commenced in the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri, as Case No. 1722-CC10695, in which Jonathan Raskas ("Plaintiff"), personally and as administrator of Ralph Raskas' Estate, is the plaintiff, and Teva and Actavis Elizabeth LLC are the defendants.

2.  Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the Eastern District of Missouri, Eastern Division.

1

3. This Notice of Removal is signed pursuant to FED.R.CIV.P. 11. *See* 28 U.S.C. § 1446(a).

4. Appended hereto as Exhibit A is a copy of all process, pleadings, and orders served upon Teva in the Circuit Court of St. Louis City, Missouri, namely, the summons and petition. *See* 28 U.S.C. § 1446(a).

5. Teva received the summons and petition on July 24, 2017, via service on Corporate Creations Network Inc. This Notice of Removal is being filed within 30 days after Teva received the summons and petition and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

6. Appended hereto as Exhibit B is a copy of the Notice to Adverse Party of Filing of Notice of Removal, which will be promptly served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

7. Appended hereto as Exhibit C is a copy of the Notice to State Court of Filing of Notice of Removal, which will be promptly filed with the Clerk of the Circuit Court of St. Louis City, Missouri, pursuant to 28 U.S.C. § 1446(d).

8. The Original Filing Form is appended hereto as Exhibit D and the Civil Cover Sheet is appended hereto as Exhibit E.

9. Actavis Elizabeth LLC has not received service of the petition. Therefore, its consent to removal is not needed as explained in 28 U.S.C. § 1446(b)(2)(A).

## GROUNDS FOR REMOVAL

10. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action could have been filed in this Court pursuant to 28 U.S.C. §§ 1332 and 1331.

11. Specifically, this Court has subject matter jurisdiction because (1) there is the requisite diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the claims necessarily involve the construction or application of federal law.

I. **DIVERSITY JURISDICTION**

12. Plaintiff is alleged to be a Missouri citizen. *See* Ex. A, ¶ 3.

13. None of the Defendants in this matter is or at the time the action was commenced was a Missouri citizen.

   a. Teva Pharmaceuticals USA, Inc., is and at the time the action was commenced was incorporated in Delaware and has its principal place of business in Pennsylvania. Teva Pharmaceuticals USA, Inc., is therefore a citizen of Delaware and Pennsylvania for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).

   b. Actavis Elizabeth LLC is a limited liability company and therefore has the citizenship of its members for diversity purposes. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187-192 (1989); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). The sole member of Actavis Elizabeth LLC is Actavis Inc. n/k/a Actavis LLC, which is incorporated in Delaware and has its principal place of business in New Jersey. Actavis Elizabeth LLC is therefore a citizen of Delaware and New Jersey for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1). *See Carden*, 494 U.S. at 187-92; *GMAC Commercial Credit LLC*, 357 F.3d at 829.

   c. Plaintiff also names John Doe Defendants as defendants. "[T]he citizenship of defendants sued under fictitious names are disregarded" in determining whether

diversity of citizenship exists. 28 U.S.C. §1441(a). The Petition states the John Doe Defendants "are defendants involved in the manufacture, distribution, marketing, sale, and labeling of Reglan® and/or metoclopramide not yet known by Plaintiff." *See* Ex. A, ¶ 7. Plaintiff, however, does not make any specific allegations against any John Doe Defendants. Moreover, Plaintiff has identified and sued the manufacturers of the Reglan®/metoclopramide Ralph Raskas allegedly ingested. *See* Ex. A, ¶ 16. The John Doe Defendants are thus superfluous entities and irrelevant to Plaintiff's claims. "Mere allegations of citizenship of an as yet unidentified John Doe will not suffice to prevent removal." *Portis v. Sears, Roebuck & Co.*, 621 F. Supp. 682 (E.D. Mo. 1985).

14. Therefore, because none of the Defendants in this case is a citizen of Missouri, and Plaintiff is a Missouri citizen, complete diversity of citizenship exists because this dispute is between citizens of different States and in which citizens or subjects of foreign states are additional parties pursuant to 28 U.S.C. § 1332(a)(3).

15. Although Plaintiff does not plead a specific amount of damages that he seeks to recover, Teva can establish the amount in controversy requirement is met based upon Plaintiff's allegations of injuries and requested relief.[1]

16. When plaintiffs fail to plead the amount of recovery they seek, "the removing party in a case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In Re Minn. Mut. Life Ins. Co., Sales*

---

[1] Teva is not required to concede Plaintiff is in fact entitled to recover more than $75,000. *See Kelderman v. Remington Arms Co.*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting a plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting a "defendant need not go that far"). Indeed, Teva specifically denies Plaintiff is entitled to recover any damages.

*Practice Litig.*, 346 F.3d 830, 834 (8th Cir. 2003); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); 28 U.S.C. § 1446(c)(2)(B) (amount in controversy determined by "preponderance of the evidence"). Importantly, "the jurisdictional fact…is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (emphasis in original) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

17. The $75,000 amount in controversy requirement is met given the nature of Plaintiff's claim (i.e., wrongful death) and his prayer for punitive damages.

18. Specifically, in the Petition, Plaintiff demands judgment against Defendants for "actual damages, punitive damages, costs herein incurred, and such other legal and equitable relief that this Court deems just and proper." *See generally* Ex. A.

19. Additionally, Plaintiff alleges Decedent Ralph Raskas experienced "great mental pain and suffering prior to his death" and experienced "severe, permanent, devastating and progressive injuries which caused or contributed to cause Plaintiff's Decedent's wrongful death." *Id*. at ¶¶ 115, 116.

20. Where plaintiffs have alleged serious injuries, Missouri federal courts have concluded the amount in controversy requirement has been met. *See Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002); *Hall v. Vlahoulis*, 2007 WL 433266, at *1 (W.D. Mo. Feb. 5, 2007).

21. In fact, in other cases alleging injuries from the ingestion of metoclopramide, courts have found the amount in controversy requirement is satisfied where plaintiffs failed to plead a specific damages amount. *See Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-631 (W.D. Ky. 2007) (case involving metoclopramide where the court in denying remand concluded the

amount in controversy was met due to the fact "[p]laintiff's allegations of permanent nerve damage, pain and suffering, punitive damages, and past and future medical expenses likely amount to claims in excess of $75,000"); *Overton v. Wyeth, Inc.*, 2010 WL 4716972, at *1 (S.D. Ala. Nov. 15, 2010), *adopting* Report & Recommendation of U.S. Magistrate Judge, 2010 WL 4717048, at *4-*5 (S.D. Ala. Oct. 29, 2010) (case involving metoclopramide where the court denied remand and stated, "[J]udicial experience and common sense reveal that [the alleged injuries associated with tardive dyskinesia] facially establish the jurisdictionally required amount in controversy.").

22.     Furthermore, wrongful death verdicts in particular routinely exceed $75,000. *Rodgers v. Wolfe*, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006) ) (finding amount in controversy requirement satisfied in a wrongful death case where defendant presented evidence of two wrongful death jury verdicts that exceeded $75,000).

23.     As mentioned, Plaintiff also seeks punitive damages. *See* Ex. A, ¶¶ 67, 75, 87, 95, 104, 111.  Punitive damages may be properly considered in establishing the amount in controversy.  *Dowell v. Debt Relief Am., L.P.*, 2007 WL 1876478, at *2 (E.D. Mo. June 27, 2007).

24.     Teva has met its burden of proving by a preponderance of the evidence the amount in controversy requirement in this case has been satisfied due to the nature of Plaintiff's wrongful death claim, the damages demand, and the prayer for punitive damages.

## II. **FEDERAL QUESTION JURISDICTION**

25.     This Court has original and removal jurisdiction of civil actions such as this one that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (original jurisdiction), 28 U.S.C. § 1441 (removal jurisdiction).  Federal question jurisdiction

exists where state law claims necessarily involve the construction or application of federal law. *Peters v. Union Pac. R.R Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (citing *Franchise Tax Bd. v. Constr Laborers Vacation Trust*, 463 U.S. 1, 27-28 (federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

26. Among the civil actions that "arise under" federal law are claims such as the purported causes of action for negligence and products liability asserted here, which "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). *Grable* recognized the "commonsense notion that a federal court ought to be able to hear claims recognized under state law that, nonetheless, turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id*.

27. The gravamen of Plaintiff's lawsuit is Defendants allegedly breached their duty to communicate metoclopramide's risks and/or prevalence of neurological side effects to the United States Food and Drug Administration and breached their duty to propose stronger warning labels to that same federal agency. *See* Plnt's Petition, ¶¶ 56, 59. As a result of this alleged failure to communicate with a federal agency, Plaintiff alleges the medical community, Decedent's physicians, and Plaintiff were not adequately warned of metoclopramide's risks and/or prevalence of neurological side effects. *Id*. at ¶ 56.

28. As Plaintiff acknowledges in his Petition, those claims arise from and are predicated on alleged federal law violations. *See, e.g., D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 101 (2d Cir. 2001) ("an examination of the allegations in the complaint establishes that

7

[plaintiff's] suit is rooted in violations of federal law, which favors a finding that federal question jurisdiction exists"). Indeed, the pleadings are replete with allegations that expressly assert a federal predicate or otherwise turn on violations of federal regulations.

29. Foremost among those allegations are Plaintiff's claims Defendants directly transgressed federal regulations. For example, Plaintiff alleges,

> "Under the CFR, the Generic Defendants, as ANDA [Abbreviated New Drug Application] holders, had a duty to report any information to the FDA bearing on the risk and/or prevalence of side effects caused by Reglan, metoclopramide or metoclopramide HC1 and propose a stronger warning label to the FDA. According to the FDA, these requirements apply to generic drugs because it is a central premise of federal drug regulation that the manufacturer bears responsibility for the content of its labels at all times. The Defendants therefore breached their duty to the FDA…."

Plnt. Petition, ¶¶ 54-56.

30. Plaintiff also alleges,

> "[O]n September 27, 2007, the Food and Drug Administration Amendments Act (FDAAA) of 2007 was signed into law. The FDAAA of 2007 provided, inter alia, that the FDA now had the power to change a RLD label without the involvement of the drug company….[U]nder the FDCA, the Generic Defendants had a duty to communicate the risks involved in the ingestion of metoclopramide of the FDA….The Defendants are liable for failing to warn about the risks involved with metoclopramide use after the FDAAA of 2007."

Plnt. Petition, ¶¶ 57-59, 61.

31. Teva vigorously disputes Plaintiff's characterizations of Defendants' alleged duties and obligations under that federal scheme. The court must look exclusively to federal law to adjudicate these disputes over the obligations and requirements federal law imposes and whether Defendants met those duties and obligations. *Grable*, 545 U.S. at 315 ("The meaning of th[is] federal [regulation] is an important issue of federal law that sensibly belongs in federal court.").

32. Accordingly, regardless of how Plaintiff's allegations are titled or construed, this case cannot be resolved without adjudication of "federal issue[s], actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Plaintiff may not avoid this result by attempting to plead around the federal law at the heart of their pleadings. *Peters*, 80 F.3d at 260 (8th Cir. 1996) (plaintiff's characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists).

33. Any other claims Plaintiff pleads are properly removed under the Court's supplemental removal jurisdiction because they "form part of the same case or controversy," specifically whether Defendants are liable for the harm metoclopramide allegedly caused. 28 U.S.C. § 1367; *see also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997) (holding "federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact' ….")(internal citations omitted).

## **RESERVATION OF DEFENSES**

34. In filing this Notice of Removal, Teva reserves the right to a jury trial and any and all defenses, objections, and exceptions, and nothing in this Notice of Removal shall be

interpreted or construed as a waiver or relinquishment of their right to assert any defenses including, without limitation, (i) lack of personal jurisdiction, (ii) improper venue and/or forum non conveniens, (iii) insufficiency of process or service of process, (iv) improper joinder or misjoinder of claims and/or parties, (v) failure to state a claim, (vi) statute of limitations, and (vii) any other procedural or substantive defense available under state or federal law.  Teva further reserves the right to amend or supplement this Notice of Removal.

## CONCLUSION

WHEREFORE, Defendant Teva Pharmaceuticals USA, Inc., gives notice that this action is removed from the Missouri Court for the Twenty-Second Judicial Circuit to the United States District Court for the Eastern District of Missouri.

SANDBERG PHOENIX & von GONTARD P.C.

By:     */s/ Andrew D. Ryan*

Andrew D. Ryan #45924
Natalie J. Kussart #59622
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)
E-mail:  aryan@sandbergphoenix.com
       nkussart@sandbergphoenix.com
*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

## Certificate of Service

      I hereby certify that on 16th day of August 2017 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Francis J. Flynn, Jr.
francisflynn@gmail.com
*Attorney for Plaintiff*

                                        */s/ Andrew D. Ryan*